[Filed March 24, 1885.]

SAMUEL RAMP ET AL. v. E. M. McDANIEL ET AL., ADMINISTRATOR.

ADMINISTRATION — JURISDICTION OF COUNTY COURTS OVER — VOID AND VOIDABLE ORDER. — The county court has exclusive jurisdiction in the first instance to grant and revoke letters testamentary, and granting administration out of the order provided in section 1053 of the Code would be erroneous, but not a nullity.  The persons entitled to precedence could only take advantage of the error by applying for the appointment within the time specified in said section ; otherwise they waive their right.

ID. — COLLATERAL ATTACK. — An order appointing or removing an administrator cannot be attacked collaterally.

ID. — WHEN VOID AND WHEN VOIDABLE — (Per WALDO, C. J., concurring.) — Administration is void when granted by a wrong ordinary, and voidable when granted to a wrong person.

POWERS OF COUNTY COURT IN PROBATE MATTERS — RESIGNATION OF ADMINISTRATOR. — The powers of the Probate Court are not created by the statute.  They are enlarged, limited, or varied.  It is not necessary that a resignation, to be valid, should be made in conformity with section 1079 of the Code, requiring notice of intention to resign to be published.  Apart from said section it would seem an administrator may, with the consent of the court, resign.

ID. — CONSTRUCTION OF STATUTE — EVIDENCE. — The provision that the persons specified in subdivision 1 of section 1058 shall be deemed to have renounced their right to administration, unless they apply therefor within thirty days, is a rule of evidence rather than of positive law, and the court may appoint any of the persons specified in said subdivision after the thirty days, in preference to those specified in the subdivisions following.

MARION COUNTY.   Plaintiffs appeal.   Affirmed.

The facts are stated in the opinion.

*Wm. M. Ramsey,* for Appellants.

Lewis Johnson never legally resigned his trust. His attempt to do so, and the proceedings of the court thereon, are absolutely void. (Code Civ. Proc. § 1079; *Haynes* v. *Meeks,* 10 Cal. 110; *Haynes* v. *Meeks,* 20 Cal. 288; *Flinn* v. *Chase,* 4 Denio, 85.) Johnson being still administrator, the court had no power to appoint the respondents. (Cases *supra;* and *Griffith* v. *Frazier,* 8 Cranch, 11; 3 Redf. on Wills, p. 119; *Matthews* v. *Douthitt,* 27 Ala. 273.) The statute clearly contemplates that an application to resign shall be made by a verified petition, as the only way in which the power of the court can be called into action. (Civ. Code, § 1046, p. 316; *Wright* v. *Edwards,* 10 Oreg. 298.) Where an administrator resigns or is removed, it is necessary that a petition shall have been presented setting forth the jurisdictional facts. (Civ. Code, § 1060; Dayton on Surr. 249; *Shipman* v. *Butterfield,* 47 Mich. 488.) Under our statute the Probate Court has no discretionary power to ignore the creditors. These had the absolute legal right to administer upon the estate on the failure of the next of kin to apply. Hence, the order of the court appointing respondents was voidable at least, and it is the duty of the court to appoint a creditor. (1 Williams on Exr⁴ pp. 647, 648, 649; *Munsey* v. *Webster,* 24 N. H. 126; *Williams'* *Appeal,* 7 Pa. St. 259; *Brunson* v. *Burnett,* 2 Pinn. 188; *Roy* v. *Segrist,* 19 Ala. 810; *Rinehart* v. *Rinehart,* 27 N. J. Eq. 475.) A proceeding instituted for the sole purpose of setting aside a decree or order is a direct and not a collateral attack. (3 Redf. on Wills, p. 123; *Trimble* v. *Longworth,* 13 Ohio St. 431.) The court may repeal its grant of administration, when made to other than the next of kin or a creditor, as if it be granted to a creditor *and* a stranger. (1 Williams on Exrs. 6th Am. ed. p. 649.) The so-called *nunc pro tunc* order is void because made *ex parte* and without petition. (Freeman Judgments, § 72 *a.*)

*Holmes & Hayden,* for Respondents.

The court acted judicially in granting letters to respondents, and its action cannot be attacked collaterally. (*Wenner* v. *Thornton*, 98 Ill. 159; *Housh* v. *People*, 66 Ill. 178; *Wight* v. *Wallbaum*, 39 Ill. 554; *State* v. *McGlynn*, 20 Cal. 233.) The court beyond question had a right to revoke the letters to Johnson. (*Wyman* v. *Buckstaff*, 24 Wis. 477; *Marsh* v. *The People*, 15 Ill. 284; *Gillespie* v. *Rout*, 39 Ill. 247.) On the power to appoint administrators see Civil Code, § 1054; *Guilford* v. *Love*, 49 Tex. 715.

THAYER, J.—This appeal is from the Circuit Court for the county of Marion. The case originated in the county court for that county, and arose out of probate proceedings in ·the settlement of the estate of Wesley Howell, deceased. It appears that the appellants are creditors of said estate, and that on or about the 12th day of December, 1884, they filed their petition in the said county court, in which they alleged that they were such creditors of said estate; that the said Wesley Howell died on the 4th day of December, 1883, leaving a will, in which he had nominated and appointed the said Margaret Howell, who is his widow, the executrix thereof; that on the 13th day of the month last mentioned the said will was admitted to probate by the said county court, and letters testamentary were issued to her, but that she failed to qualify; that on the 4th day of January, 1884, one. Lewis Johnson, a creditor of the said estate, was appointed by the said county court administrator, with the will annexed, of said estate, and thereupon duly qualified as such administrator.

It is further alleged in said petition that on the 10th day of January next after his said appointment, the said Lewis Johnson tendered to the said county court a resignation of his trust, which the court attempted to accept, and at the same time said court appointed said ·Margaret Howell as administratrix, and the said Joshua McDaniel, administrator, jointly, with the will annexed, of the said estate; but it is further alleged in the petition that said Johnson gave no notice of the intended resignation of his trust to anyone, and that there was no verified petition upon which the appointment of the said respondents

was made as mentioned; that neither of the respondents is a creditor of the said estate; that the said Margaret Howell, on said 10th day of January, filed a written renunciation with the clerk of said county court of her right to administer upon said estate under the appointment of the will.

It is further alleged in said petition that said respondents, as such administrators, executed a bond, which was approved by said court on the 11th day of January, 1884, and since that time have been attempting to administer upon the estate; that said McDaniel is not. related to said decedent by consanguinity, nor was nor is he a creditor of the decedent, and that the appointment of said respondents as such administratrix and administrator was unlawful; that on the 26th day of April, 1884, said respondents caused the said county court to make and enter of record an order *nunc pro tunc*, stating in substance that said court, on the 10th day of January, 1884, revoked the letters of administration granted to said Johnson on said 4th day of January, on the petition of said Margaret Howell, and stating that said Johnson had due notice of said petition, which facts the appellants in their petition denied, and alleged that the only order made by said county court on said 10th day of January, in the matter of the said estate, was indorsed in substance on the written renunciation of her right to administer on said estate, filed by the said Margaret Howell, and that said *nunc pro tunc* order was null and void; that said estate is largely in debt, and is insolvent; that the appellants were among the principal creditors of said decedent, and their claims were wholly unpaid; that not knowing all the facts with reference to the appointment of said respondents, and believing them to be authorized to allow claims against said estate, they presented to them their claims against the estate, and the respondents, so far as they had legal right, allowed them; that said Lewis Johnson has never made an inventory of said estate, nor published any notice to creditors of the estate, nor taken possession of any property of the estate, nor done any act towards its administration, since said 10th day of January, and has in all respects neglected to discharge the duties of his said trust; that the appellants did not apply to

said court within the forty days allowed by law to creditors to apply to be appointed administrators thereof, because certain of the creditors had petitioned for the appointment of the said Johnson, and they were satisfied with his appointment; and that they did not apply for the removal of the respondents at an earlier date, as they did not earlier know what their rights were, thinking that they might be bound by the wrongful appointment of said respondents; that it will be necessary to sell all the real property of said estate to pay the debts of the estate, and that it is necessary, in order that said lands may sell for their value at probate sale, that it be sold by an administrator whose right to act is free from doubt; that said respondents knew on said 10th day of January that it would be necesssary to sell said land and property to pay the debts of the estate, but they failed and neglected to sell any part of it; that the land had depreciated in price $2,000, which amount of money would be lost to the creditors through the wrongful and negligent acts of the respondents as such administrators; that they had held and neglected to sell the personal property of the estate until the last month, when they had sold for considerably less money than could have been obtained for it at an earlier date; that it was necessary to appoint an administrator to settle up the estate; and that more than ten of the creditors were competent and qualified to act as such; and prayed the said court that the appointment of the respondents be revoked, and that John Hughes, one of said petitioners, and a principal creditor of the estate, be appointed.

The respondents filed an answer in the said county court to the said petition, in which they denied many of the allegations thereof, including the charges of negligence, and set forth as a defense thereto that from the time of their appointment the respondents had proceeded as speedily as possible in the administration of said estate, in accordance with law in such cases, and the orders and directions of said court; that they then had a petition filed to sell the land belonging to the estate, about to be heard before the said court, and that they believed it would be granted, and that they would proceed as soon as possible to sell it for the interest of all persons interested in said estate, and

that it would bring a much larger sum of money than if sold by anyone else, and be less expensive. The county court heard the issue so made, and denied the prayer of the said petition; from which decision an appeal was taken to the said Circuit Court, where it was affirmed; whereupon the appellants took the appeal to this court.

There was proof made in the county court tending to show that on said 10th day of January, 1884, the respondent Margaret Howell filed a petition in said court, in which it was alleged that the said Lewis Johnson had not proceeded in the matter of said administration of said estate, and in which said petition the said Margaret Howell prayed that his appointment be revoked; that the said Johnson was present in court at the time and tendered his resignation; that it was stated in the said petition that the said Margaret Howell was then prepared to qualify as administratrix with her brother, the said Joshua McDaniel, and that she was the person next entitled to administer the estate under the law; that the said petition was duly verified, and that the said court, acting upon the same, and the facts appearing in connection therewith, revoked the said appointment of the said Lewis Johnson as such administrator, but that said matters were not entered of record at said date, nor thereafter, until the said *nunc pro tunc* order of April 26, 1884, was made; that the said petition of the said Margaret Howell was lost. It also appeared that among the files in said proceedings was found the renunciation of the said Margaret Howell referred to in said appellants' petition, and upon which was indorsed the substance of the order and proceedings alleged in that petition as having been made and taken place on said 10th day of January, 1884.

The appellants assigned a number of errors alleged to have occurred in the probate proceedings, some of which are very apparent. It was improper in the outset to appoint Lewis Johnson as administrator of the estate until after Margaret Howell declined to accept. Her neglect to qualify during the time between the date of her appointment and the time of the appointment of Johnson might be regarded as a declination, but

XII. OREG.— 8.

it would have been much better to have had her file a renunciation first.   Lewis Johnson, after his appointment, had no right to resign, except in the manner pointed out in the statute.   An administrator cannot put aside the trust at his own volition. He has no right to consider his own convenience merely in such a case.   He must first comply with the requirements of the statute before he has the right to ask leave of the court to resign, and it is not until then that the court can allow it. (§ 1079, Civ. Code.)   There are, however, two provisions of the Code which authorize the county court to remove an executor or administrator.   (§§ 1062, 1068.)   The former section authorizes it upon the application of any heir, legatee, devisee, creditor, or other person interested in the estate; and the latter section would seem to authorize the court to remove him upon its own motion, though the grounds for the removal are the same in both cases.   It is claimed by the respondents' counsel that it was under these sections that Johnson was removed, and it appears from the proof that Mrs. Howell did, on said 10th day of January, 1884, institute a proceeding to remove him; and from the *nunc pro tunc* order, that the said court, at said date, made an order for his removal, though it was not entered of record until the 26th day of April, 1884.   The proceeding was a very lax affair, however, and shows that a very loose practice was indulged in; a kind of practice that should never be tolerated in administering upon the estate of a dead person, if in any case; yet we would not be justified in deciding that such proceedings did not take place as the county court has adjudged. That court has said, in effect, that a petition was, on said 10th day of January, 1884, filed by Mrs. Howell to remove Johnson as such administrator; that it was properly verified; that Johnson was in court on that day and assented to it; and that the court then made an order revoking his appointment.   The petition may not have been sufficient to warrant the revocation of the letters of administration, but the court certainly had jurisdiction of the subject-matter and of the parties, and the decision of the court thereon cannot be attacked collaterally.

It was claimed upon the argument that this was a direct proceeding; but I do not think it could be so regarded in any event between the present parties, whatever might be the case had it been instituted by Johnson. The appointment of the respondents to administer upon the estate is in the same condition. That act of the county court was evidently erroneous. It could not regularly appoint Mrs. Howell and McDaniel at any time between the expiration of the thirty days and of the forty days mentioned in section 1054 of the Code; but the appellants could only take advantage of the irregularity by applying for the appointment within that time. Their right now to have the respondents removed is confined to the causes specified in said section 1062 of the Code. If the respondents have neglected their trust, they can be removed at the instance of the appellants, but not in consequence of the irregularity referred to, unless they are able to establish that the appointment was a void act. But I do not think that view can be maintained. The county court has exclusive jurisdiction in the first instance to grant and revoke letters testamentary and of administration (Code, § 869), and granting administration out of the order provided in section 1053 of the Code would be erroneous, but not a nullity. The party entitled to precedence could certainly waive the right, and would do so under the statutes of this State, unless the application was made within the time specified in said section 1053. The appellants, under the circumstances of this case, had no standing to question the authority of the respondents to administer upon the estate in question, nor to apply for their removal except for some cause specified in said section 1062. They claimed in their petition that the respondents had been unfaithful to and had neglected their trust, but they failed to substantiate it. The respondents are legal administrators of the said estate, and their acts in administering upon it are as valid as though the appointment of them had been regular in the first instance.

The judgment appealed from will therefore be affirmed.

WALDO, C. J., concurring.—The marginal note to *Black-*

*borough* v. *Davis,* 1 Salk. 38, says: "Administration void when granted by a wrong ordinary, and voidable when granted to a wrong person." So, if administration be granted to another, a former administration unrevoked, the latter grant is void. (*Griffith* v. *Frazier,* 8 Cranch, 9; *Matthews* v. *Douthitt,* 27 Ala. 273.) Hence, while the grant of administration to Howell and McDaniel, relatively to the appellants, simply, is at most voidable only, yet, relatively to Johnson, if his letters be not revoked, it is void. The Probate Court has power to revoke administration only for just cause. (1 Williams Ex'rs, 576; Civ. Code, pp. 319, 320.) But barring section 1079, it should seem that the administrator may, with the consent of the court, resign his trust. In *McGowan* v. *Wade,* 3 Yerg. 375, the records showed the following entry: "This day came Robert Wade and James Wade, and with the assent of the court, surrendered the administration," and it was held a good revocation. (And see *Marsh* v. *People,* 15 Ill. 286, 287.) It hardly seems to follow necessarily in all cases that a resignation, to be valid, must be made in conformity with section 1079, requiring notice of intention to resign to be published. The powers of the Probate Court are not created by the statute. They are enlarged, limited, or varied. This section seems intended to apply where the administrator has entered on the execution of the duties of his trust, and has assumed actual fiduciary relations towards the estate. If so, the conditions implied by the statute must exist before the rule it prescribes shall be held to govern.

Now, Johnson did nothing under his appointment; assumed no actual fiduciary relations to the estate. It should seem, therefore, that the power of the court to revoke his letters (he consenting) is not affected by the statute, and consequently that his letters were legally revoked. If this be so, the appointment of Howell and McDaniel is not void, and the only question is whether it be voidable. When the statute provides that the person specified in subdivision 1 of section 1058 shall be deemed to have renounced their right to the administration unless they apply therefor within the thirty days, I take it that the provision should be construed rather as a rule of evidence than as a

positive rule of law, and that the court may appoint any of the persons specified in said subdivision 1, after the thirty days, in preference to those specified in the subdivision following; that such persons do not become unqualified persons after the thirty days. Under this view Margaret Howell was not unqualified, and the appointment only became irregular because McDaniel was joined with her. Thus, in *Brown* v. *Wood*, Aleyn, 36, cited 1 Williams Ex'rs, 580, administration granted to a sister next of kin, and to her husband, was irregular because, "if she should die before him, he should continue administrator against the meaning of the statute." But in this case, no application having been made for the revocation of the letters until long after the time when the court had full power to appoint McDaniel, the irregularity has been waived; and the appellants cannot now be heard to question the appointment. "Parties are not required to insist upon every privilege which is given or right which is secured to them. It is a general rule that at their pleasure all irregularities and defects may be waived." (*Clark* v. *Montague*, 1 Gray, 448, 449.)

It would follow that Howell and McDaniel are now administrators of right.

Lord, J., did not sit in this case.