Berney, Ex'x, etc., v. Drexel and others.

*(Circuit Court, S. D. New York. June 10, 1882.)*

1. ESTATES OF DECEASED—ANCILLARY LETTERS.

Under the general averment that letters testamentary were issued to the plaintiff, plaintiff's right to maintain the action in her representative capacity may rest upon the grant of ancillary letters, the statute authorizing the letters to issue to the person named in the foreign letters, and the validity of her appointment cannot be assailed on the ground that she is an alien.

2. SAME—JURISDICTION OF SURROGATE.

The decision of the surrogate as to the competency of a person to serve, to whom letters testamentary were issued, cannot be collaterally attacked.

*Lord, Day & Lord,* for plaintiff.
*Tracy, Olmstead & Tracy,* for defendants.

WALLACE, C. J. The demurrer to the complaint is not well taken. The averment that letters testamentary upon the will of the testator were duly issued to the plaintiff by the surrogate of the county of New York, under and by virtue of certain proceedings provided by statute, is a substantial compliance with section 532 of the Code of Civil Procedure, which dispenses with all averments of the jurisdictional facts requisite to the judicial determination of a court or officer of special jurisdiction.

Under this averment the plaintiff's right to maintain the action in her representative capacity may rest upon the grant of ancillary letters. The validity of her appointment cannot be assailed here on the ground that she was an alien when appointed. The statute authorizes the letters to issue to the person named in the foreign letters. Code, § 2607. Indeed, in the absence of any adjudication by the state courts upon the question, I should hold that prior to the enactment of the section referred to, and under the statute of 1863, (chapter 403,) the incompetency of an alien to serve as an executor did not attach when the appointment was under ancillary letters. But if it be conceded that an alien is not competent to serve as an executor, and the disability extends to the appointment under ancillary letters of the person named in the foreign will, the validity of the appointment cannot be assailed collaterally. Conceding, for present purposes, that the surrogate granted letters to an incompetent person, his determination was an erroneous but not a void exercise of judicial power. He had jurisdiction; his determination was not extrajudicial, but was within the limits of his jurisdiction; it involved the decision of a question of fact which he was the only authority, primarily, to solve. Suppose the surrogate had decided that the person appointed was not an alien, and therefore the objections to the appointment on that ground should not be sustained, would it be contended that the decision could be attacked collaterally? Under the statutes the surrogate had the power to hear and determine whether the plaintiff was competent to act as executrix. He therefore had jurisdiction over the subject-matter. He decided that she was competent, and that decision is conclusive until reversed. A wrong decision does not impair the power to decide on the validity of the decision when questioned collaterally. It is not necessary to cite authorities for these familiar principles, but the case of *Canjolle* v. *Ferrie*, 13 Wall. 465, is quite in point. There the surrogate was required by the statute to grant letters to the relatives of the deceased, who would be entitled to succeed to his personal estate, and

it was held that his decision was conclusive when sought to be attacked collaterally by showing that the letters were not issued to such relatives.

Inasmuch as, under the allegations of the complaint, the authority of the executors of Berney's will depends upon the law of France, and it must be assumed from the averments that they had no power to dispose of the bonds in suit, it is not necessary to discuss the effect of a sale under a power of attorney from the executors according to the law of this country.

The demurrer is overruled. Defendants may answer within 20 days on payment of costs of demurrer.