LAWRENCE LARSON, ADMINISTRATOR OF THE ESTATE OF CHRISTINE ANDERSON, DECEASED, v. UNION PACIFIC RAILROAD COMPANY.

FILED NOVEMBER 5, 1903. No. 13,077.

1. Appointment of Administrator: PETITION: JURISDICTION. In a petition to the county court for administration on the estate of a deceased person, the only averments essential to the jurisdiction of the court are, that such person died intestate, and was at the time of his death a resident or inhabitant of the county where the petition is filed; or, in case he was at the time of his death a nonresident of the state, that he left an estate in such county to be administered.

2. ———: COLLATERAL ATTACK. Section 178, chapter 23, Compiled Statutes, provides the order in which persons shall be entitled to administer on the estate of an intestate. Held, That such provisions do not go to the jurisdiction of the county court in such matters but to the manner of its exercise, and that an appointment made contrary to such provisions is not open to collateral attack.

ERROR to the district court for Dawson county: HOMER M. SULLIVAN, JUDGE. Reversed.

T. L. Warrington, W. A. Stewart and Hector M. Sinclair, for plaintiff in error.

Edson Rich, E. A. Cook and J. M. Ellingsworth, contra.

ALBERT, C.

The plaintiff, as administrator of the estate of Christine Anderson, deceased, brought this action against the defendant to recover damages alleged to have been sus-

tained by the next of kin of the deceased, by reason of her death, which, it is claimed, was caused by the negligence of the defendant. On the trial, the plaintiff offered in evidence the record of the county court of Dawson county, showing his appointment as administrator. The evidence was objected to and excluded, on the ground that the petition for the appointment of an administrator fails to state facts sufficient to give the county court jurisdiction, and shows on its face that the petitioner was not a proper party to apply for administration. For want of evidence, showing the plaintiff's appointment as administrator of the estate of the deceased, the court directed a verdict for the defendant and the plaintiff brings error.

The petition for letters of administration was filed on the 27th day of April, 1899, and is as follows:

"Your petitioner, Mary Westlund, a sister of the said Christine Anderson, late of said county, deceased, respectfully states that the said Christine Anderson departed this life on the 18th day of April, A. D. 1899; that she was, immediately preceding her death (and at the time of), a resident and inhabitant of said county, and was possessed of personal property in said county of about the value of $600.

"Your petitioner further shows that no will and testament of the said deceased has been discovered, nor is your petitioner aware of the existence of any such instrument, and your petitioner believes that the said Christine Anderson died intestate.

"Your petitioner further shows that the deceased was a widow and that she left surviving her children as follows: Esther Anderson, aged thirteen years, Ezekiel Anderson, aged seven years, and Nathan Anderson, aged five years. That your petitioner is the next of kin and the only relative of the deceased within the state of Nebraska.

"Wherefore, petitioner prays that letters of administration may be granted to Lawrence Larson, of Gothenburg, in said county, upon the goods, chattels, rights and credits of the said Christine Anderson, deceased."

The contention of the defendant is that the petition shows on its face that the petitioner is not the next of kin, and as it was filed less than 30 days from the death of the intestate, the petitioner was not a proper party to apply for administration under the provisions of section 178, chapter 23, Compiled Statutes (Annotated Statutes, 5043), and, for that reason, the county court acquired no jurisdiction to make the appointment. The section referred to is as follows:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order: First—The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed; if suitable or competent to discharge the trust. Second—If the widow or next of kin, or the person selected by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty days after the death of the intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent or willing to take it. Third—If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

The petition for administration is somewhat contradictory. It alleges that the petition is a sister of the intestate and the next of kin; it also alleges that the intestate left three minor children. If she left three minor children, the petitioner is not the next of kin, and the allegation that she is the next of kin is an erroneous conclusion. The petition, therefore, must be held to show on its face that the application for administration was made by one who was not the next of kin. It is not alleged in the petition that the petitioner is a creditor of the estate, nor that the next of kin or the creditors have renounced their right to administer.

We have, then, a case where the record affirmatively shows that administration was granted on an application made within 30 days of the death of the intestate, by one not the next of kin, and which fails to show that the petitioner was a creditor of the estate, or that the next of kin or the creditors had renounced their right to administer. The question presented, then, and the only question in this case, is, whether the appointment of an administrator based upon an application of that character and made under such circumstances, should be held void when assailed in a collateral proceeding?

The question, we think, should be answered in the negative. Section 177, of the chapter referred to, provides, that when any person shall die intestate, being an inhabitant of this state, letters of administration shall be granted by the probate court of the county of which he was an inhabitant or resident at the time of his death. If at the time of his death he was a nonresident of the state, then administration shall be granted by the probate court of any county in which he left an estate to be administered. Section 195 provides for the giving of notice of the application for letters of administration and for the hearing thereof; it also provides that when, upon such hearing, the grant of such administration shall be refused, for any cause, the court of probate may, if all the persons interested were duly notified of such hearing, proceed to take the allegations and proofs to determine the party entitled to such administration, and to grant administration without further notice. Section 178, hereinbefore set out, does not give the widow or next of kin the absolute right to administer on the estate. *Spencer v. Wolfe*, 49 Neb. 8. On the contrary, by the second subdivision, such right depends on their competency, and the right of creditors to administer on the estate, by the third subdivision, is made to depend upon the same fact. Taking those sections together, it seems clear to us, that when a petition is presented to the county court which shows, as in the present case, that the deceased died intestate, and at

the time of her death was a resident of the county in which the application for letters of administration is made, it becomes the duty of the county court to give notice of the application, and of the time set for the hearing thereof, and to determine, on the hearing, the party to whom administration should be granted. The jurisdictional facts are, the intestacy of the deceased, and her residence in the county where the application is made.' The competency of the person making the application, or of the person nominated for administrator, goes, not to the authority of the court to make an appointment, but to the manner in which that authority shall be exercised. This is the view taken by the supreme court of Kansas in *Taylor v. Hosick,* 13 Kan. 518, and *Brubaker v. Jones,* 23 Kan. 411. To the same effect is *Schnell v. City of Chicago,* 38 Ill. 382. In the latter state, the statute required a delay of 60 days, after the refusal of the widow or next of kin to administer, before a creditor could apply for letters of administration; if no creditors applied within 15 days after the 60 days, then the judge of probate could appoint any person he might think best qualified to manage the estate. The application, in that case, was made by one who was not the widow or next of kin of the deceased, nor a creditor of the estate, and was made 6 days after the death of the intestate. The petition failed to show that there was no widow, next of kin or creditor entitled to administration, or that they had refused to administer. The court said:

"The question arises, must not this court, in this proceeding, presume the probate court was satisfied on those facts? May not the probate judge have received proof thereof before he acted? As there is no law requiring him to preserve such proof in the record, must we not presume such proof was received and on which the judge acted? He had cognizance of the subject, his jurisdiction over it was complete, and if he erred in carrying it out, such error can not be urged in this collateral proceeding to upset them all. There is not, probably, in the

records of all these probate justices, a case to be found
wherein the record will show such proof was received
before letters were granted to a person not entitled to
them, except in certain contingencies. Those records will
not show the happening of those contingencies, and the
result would be, if this objection is sustained, that nearly
all the sales by administrators so appointed throughout
the state would be rendered void, to the great loss and
injury of thousands who have paid in good faith full value
for the property so sold and purchased. On an appeal or
writ of error from such proceedings, this court would
undoubtedly hold them irregular and set them aside."

In *Pick v. Strong*, 26 Minn. 303, the appointment of an
administrator was collaterally assailed on the ground
that they had issued on the application of one who had no
authority to make such application. In passing on that
question the court say:

"The letters of administration were introduced on the
trial. They were, in this action, conclusive of the regularity
of the proceedings resulting in their issuance. That they
were issued to one not entitled to them, or upon the appli-
cation of one who had no right to make such application, is
an objection which could be made only on an appeal from
the order granting them; or, if such application could be
made, upon an application to the probate court to vacate
them. They can not be attacked for such reasons in a
collateral proceeding. *Moreland v. Lawrence*, 23 Minn.
84."

*Lawrence v. Englesby*, 24 Vt. 42, and *Mowry v. Latham*,
20 R. I. 786, are to the same effect. See also *Emery v.
Hildreth*, 2 Gray (Mass.), 228; *Hobson v. Ewan*, 62 Ill.
146; *Ramp v. McDaniel*, 12 Ore. 108, 6 Pac. 456; *Garrison
v. Cox*, 95 N. Car. 353; *Simmons v. Saul*, 138 U. S. 439;
*McNitt v. Turner*, 83 U. S. 352; *Comstock v. Crawford*,
70 U. S. 396; *Jones v. Bittinger*, 110 Ind. 476; *State v.
Anderson*, 84 Tenn. 321. The appointment of a stranger
before the widow had renounced her right was held not
void in *Lyle v. Siler*, 103 N. Car. 261; and the appoint-

ment of an alien was upheld in *Berncy v. Drexel*, 12 Fed. 393.

It is insisted, however, that the defect in the present case appears on the face of the petition. It clearly appears on the face of the record in *State v. Anderson, supra*. But, as before intimated, in our opinion, when a petition is presented to the county court, showing the intestacy of the deceased and her residence in the county where the petition is presented, it shows all the jurisdictional facts, and the competency of the party making the application or proposed for administrator, for jurisdictional purposes, is immaterial. But even if the competency of the party making the application or proposed for administrator were to be held jurisdictional, we do not think it can be said that the incompetency appears on the face of the petition in this instance. The most that can be said of the petition in that respect is, that it does not affirmatively show that the next of kin and creditors had renounced their right, or that the petitioner was a creditor of the estate. As to those omissions, we think the language of the supreme court of Illinois, in *Schnell v. City of Chicago*, 38 Ill. 382, aptly suggests the doctrine that should apply in such cases, and the presumptions which should be indulged in favor of the regularity of the proceedings of courts of probate.

We are aware that the conclusion reached by us in this case is contrary to that reached in *Haug v. Primeau*, 98 Mich. 91, 57 N. W. 25, where precisely the same question was involved. In that case the court simply followed its own decisions, which seem to us to stand opposed to the weight of authority as well as sound principles. To follow them would unsettle land titles in every county of this state without serving, as we can see, the ends of substantial justice.

In our opinion, the judgment of the district court is wrong, and we recommend that it be reversed and the cause remanded for further proceedings according to law.

GLANVILLE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.