IN RE ESTATE OF ANDERS L. ANDERSON.
ANNA MCWILLIAMS ET AL., APPELLANTS, v. JOHANNA ANDERSON ET AL., APPELLEES.

FILED FEBRUARY 1, 1918. No. 19656.

1. Executors and Administrators: APPOINTMENT OF TRUST COMPANY. Three sisters bear the relation of heir and next of kin to an intestate decedent. Of these, two joined in an application for the appointment of an administrator named by them, after the expiration of more than 30 days after the death of the intestate. The third filed objections, but suggested the appointment of any one of eight persons named by her "or any other good and reliable citizen of Lancaster county." The testimony indicated that under the circumstances the person proposed by the two sisters was unsuitable. *Held*, that the county court, in pursuance of section 1339, Rev. St. 1913, had power to appoint as administrator a duly authorized trust company, resident in Lancaster county, and whose principal place of business was therein.

2. ———: ———. Where the county court, in pursuance of section 743, Rev. St. 1913, appoints a trust company, resident in the county, administrator of the estate of an intestate decedent, such appointment on appeal should not be set aside merely because the appointee is not a natural person.

APPEAL from the the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*George W. Berge,* for appellants.

*George A. Adams, contra.*

DEAN, J.

This is an action that involves the appointment of an administrator for the estate of an intestate decedent after the lapse of more than 30 days after his death, where the next of kin are not of one accord with respect to such appointment, and where no creditor has made application for administration.

The following facts are disclosed: Anders L. Anderson died intestate January 19, 1913. His wife's death preceded his demise by six days. His only surviving heirs and next of kin are three married daughters, namely Anna McWilliams and Marie Stieber, hereinafter called appellants, and Johanna Anderson, hereinafter called appellee. The county court appointed the Lincoln Trust Company as administrator, and on appeal its action was affirmed in the district court. Mrs. McWilliams and Mrs. Stieber bring the case here for review, alleging generally that as a matter of right and of law the county court was required to appoint Helmer C. Hanson as administrator in pursuance of their request.

Considerable litigation has grown out of controversies over the estate by the parties to this action to which we find it necessary to refer briefly. On January 24, 1913, appellee filed a petition in county court alleging the death of her father, and at the same time she presented an alleged will that named her as beneficiary of nearly all of his estate. On the same day Frank

Stieber, husband of Marie Stieber, filed his petition in the county court, and after the usual averments he prayed for the appointment of Helmer C. Hanson as administrator. The will was on May 24, 1913, admitted to probate, and the application of Mr. Stieber for the appointment of Mr. Hanson was dismissed. On appeal to the district court the will was, by verdict and judgment rendered thereon, on December 17, 1914, and that is now final, declared to be invalid.

On January 18, 1915, appellants filed an instrument in the county court entitled: "Motion on Petition on File for Appointment of Administrator." In this instrument appellants moved "for an order fixing a date for the hearing of the petition of the undersigned (appellants) filed * *. * January 24, 1913, praying for the appointment of Helmer C. Hanson as administrator of said estate."

The instrument to which appellants refer as "the petition of the undersigned" is the petition that was filed by Frank Stieber, who does not bear to the decedent the relation of heir or next of kin, nor, so far as the record discloses, does it appear that the petition was filed by him at the request of appellants or either of them or at the request of any heir or next of kin of decedent, but of his own motion solely. In the absence of proof to the contrary, neither the county court nor the district court could properly assume that the petition was other or different than upon its face it purported to be, namely, the sole petition of Frank Stieber. *Haug v. Primeau*, 98 Mich. 91.

Appellee protested against the application of appellants for the appointment of Mr. Hanson, and among other things alleged that he "is an interested party having taken a great interest * * * in the contest of the will and * * * is bitterly opposed to the allowance of" a certain claim filed by appellee for several hundred dollars, and "that said Helmer C. Hanson is not a suitable person to administer said

estate." She closed with a request "for the appointment of some disinterested and competent person," and she suggested for appointment any one of eight residents of Lancaster county whom she named "or any other good and reliable citizen of Lancaster county." Appellants filed no counter showing, nor did they produce any testimony to refute that of Mrs. Anderson regarding Mr. Hanson's prejudice against her. The record discloses that she and Mr. Hanson were not on friendly terms and that they did not speak when they met. There is more in the record of a like nature that we find it unnecessary to review.

On March 9, 1915, the county court disallowed the motion of appellants for appointment of Mr. Hanson, but it practically adopted the suggestion of appellee by the appointment of the Lincoln Trust Company.

We find this statement in appellants' brief: "This case involves the one question whether appellants' two daughters out of three of a person dying intestate, have the right to name the administrator, or whether the county judge has any discretion in the matter under the circumstances in this case."

The controversy involves the construction of section 1339, Rev. St. 1913, viz.:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order:

"First. The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust.

"Second. If the widow, or next of kin, or the persons selected by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty days after the death of intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted

to one or more of the principal creditors, if any such are competent and willing to take it.''

Appellants cite *In re Estate of Scott*, 76 Neb. 28. In the *Scott* case there were four persons who were next of kin, and they did not agree with respect to the administrator to be appointed. Three of them requested the appointment of a nonresident of the county, and the other requested the appointment of a resident. The resident was appointed, and on appeal to the district court the case was affirmed, and was again affirmed on appeal to this court, and again on rehearing. There is nothing inconsistent with this in the action of the district court in the present case.

Appellants point out that the county court's decree denying the appointment of Mr. Hanson did not in specific terms find that he was unsuitable. This objection seems to be technical. It is the policy of the law that estates of deceased persons be settled as speedily as the law will permit. While not reflecting at all upon Mr. Hanson, the court's refusal to appoint him, when the facts of the case are all considered together, seems sufficiently to show that the court considered his appointment unsuitable. But in any event, if the county court erred technically in that a specific finding was not made, it was apparently without prejudice to appellants; no valid reason having been advanced why the appointment of the trust company should not stand. Rev. St. 1913, sec. 743. From the amount of bickering that appears in the record it is clear that the county court was justified in adopting the suggestion of appellee in making the appointment.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.