IN RE ESTATE OF LESTER S. POLLARD.
AMANDA FORSYTHE MURRAY, APPELLANT, V. JOHN C. POL-
LARD, APPELLEE.

FILED DECEMBER 23, 1920.　No. 21081.

1. **Executors and Administrators: APPOINTMENT OF ADMINISTRATOR: PE-
TITION.** "In a petition to the county court for administration on the
estate of a deceased person, the only averments essential to the
jurisdiction of the court are, that such person died intestate, and
was at the time of his death a resident or inhabitant of the county
where the petition is filed; or, in case he was at the time of his
death a nonresident of the state, that he left an estate in such
county to be administered." *Larson v. Union P. R. Co.*, 70 Neb. 261,
followed.

2. ———: ———: **PETITIONER.** In such case, no objection to the juris-
diction of the court to appoint an administrator can be predicated
upon the fact that the petitioner has no beneficial interest in the
estate.

3. ———: ———. Under the provisions of section 1339, Rev. St.
1913, the preference given by the statute to the classes of persons
named therein to be appointed as administrators is obligatory upon
the court, and it is error to appoint a stranger to the estate where
some one falling within the preferential class asks to be appointed;
and is competent to discharge the trust.

4. ———: ———: **EVIDENCE.** It is incumbent upon one who applies
to be appointed as administrator to produce satisfactory testimony
as to his fitness to discharge the trust.

5. **Evidence** examined, and *held* sufficient to sustain the findings and
judgment of the lower court.

APPEAL from the district court for Deuel county: HAN-
SON M. GRIMES, JUDGE. *Affirmed.*

*Hainer, Craft & Edgerton,* for appellant.

*McKillip & Barth,* contra.

Lester S. Pollard, a resident of Deuel county, Nebraska,
died intestate on November 14, 1918, leaving surviving him

DAY, J.

as his only heirs at law his two minor children, Thelma and Esther, aged, respectively, 8 and 6 years. His wife had died a few days previous. He left an estate consisting of real and personal property of the alleged value of $48,250 to be administered. On November 27, 1918, John C. Pollard, a brother of the deceased, filed a petition in the county court of Deuel county, alleging in substance that Lester S. Pollard died intestate on November 14, 1918; that immediately prior to his death he was an inhabitant of Deuel county; that he left as his only heirs at law the two minor children; and that he left real and personal property to be administered. He prayed for his own appointment as administrator. The county court gave notice of the pendency of the petition, and fixed December 23, 1918, as a day for hearing. On December 20, 1918, Amanda Forsythe Murray, the maternal grandmother of the minor children, filed objections to the petition and to the appointment of John C. Pollard. The objections to the petition, in so far as they relate to the main question discussed by appellant's counsel, challenge the jurisdiction of the court to appoint an administrator on the petition filed by John C. Pollard, for the reason that he was not the next of kin or a creditor, and that his petition was filed within 30 days next following the death of deceased. Together with her objections, Mrs. Murray filed a "counter petition," setting forth that she was a creditor, and praying for her own appointment as administratrix. Upon the hearing the county court found that John C. Pollard was entitled to be appointed, and issued letters of administration to him. Mrs. Murray appealed from this order to the district court, where upon a trial the court found generally in favor of John C. Pollard and against Mrs. Murray, and directed the issuance of letters of administration to John C. Pollard. From this judgment Mrs. Murray has appealed to this court.

Counsel for appellant in their brief say that the question raised is this: "Can one who is not beneficially interested in an estate file a petition in the county court within the

first 30 days after the death of the intestate and confer upon the county court jurisdiction to appoint an administrator?" Upon the authority of *Larson v. Union P. R. Co.*, 70 Neb. 261, we think the question should be answered in the affirmative. In that case the petition of Mary Westlund, a sister of the deceased, was filed in the county court of Dawson county on April 27, 1899, in which she alleged that Christine Anderson died intestate on April 18, 1899; that immediately preceding her death she was a resident and inhabitant of said county, and was possessed of personal property to be administered; that she left surviving her two minor children, Esther and Ezekiel, aged, respectively, 7 and 5 years. The petition alleged that the petitioner is the next of kin and the only relative of the deceased within the state of Nebraska, and prayed that letters of administration be granted to Lawrence Larson. Administration was granted to said Larson, who later commenced a suit against the Union Pacific Railroad Company for damages for negligently causing the death of Christine Anderson. It was the contention of the defendant in that case that the petition upon its face shows that the petitioner was not the next of kin, and as it was filed less than 30 days from the death of the intestate, the petitioner was not a proper party to apply for administration under the provisions of section 1339, Rev. St. 1913, and for that reason the county court acquired no jurisdiction to make the appointment. The court held that the recital in the petition that the petitioner was the next of kin was an erroneous conclusion, and that the petition must be regarded as an application for administration by one who was not the next of kin. The court said:

"We have, then, a case where the record affirmatively shows that administration was granted on an application made within 30 days of the death of the intestate, by one not the next of kin, and which fails to show that the petitioner was a creditor of the estate, or that the next of kin or the creditors had renounced their right to administer. The question presented, then, and the only question in this

case, is whether the appointment of an administrator based upon an application of that character, and made under such circumstances, should be held void when assailed in a collateral proceeding."

The provisions of the statute then under consideration were exactly the same as section 1339, Rev. St. 1913, which provides:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order: First—The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust; second—If the widow, or next of kin, or the persons selected by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty days after the death of the intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it; third—If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

It was held that the provisions of the statute above quoted do not go to the jurisdiction of the county court, but rather to the manner of its exercise, and the rule was announced that, "in a petition to the county court for administration on the estate of a deceased person, the only averments essential to the jurisdiction of the court are, that such person died intestate, and was at the time of his death a resident or inhabitant of the county where the petition is filed; or, in case he was at the time of his death a nonresident of the state, that he left an estate in such county to be administered."

While it is true that in the *Larson* case the appointment of the administrator was assailed collaterally, and the

precise holding was that it could not be attacked in a collateral proceeding, still if the petition filed conferred no jurisdiction on the county court to act, all proceedings thereunder would have been an absolute nullity, and subject to attack at any time in a direct or collateral proceeding. The judgment having been sustained, it logically follows that the court must have determined that the petitioner was a proper person to call the jurisdictional facts to the attention of the court. In that case, as in the case at bar, the petitioner had no beneficial interest in the estate. While the authorities are not entirely uniform upon the question as to who is a proper person to call to the attention of the county court the jurisdictional facts, it has been held in some jurisdictions that it is immaterial in what manner the jurisdictional facts are brought to the attention of the court. In *Brubaker v. Jones,* 23 Kan. 411, under a statute substantially like our own, the court said:

"The statute does not anywhere prescribe how the jurisdictional facts shall be ascertained; hence the probate court may ascertain them as best it can; and if it ascertain them correctly, that is all that is required. All that is really necessary is, that the jurisdictional facts shall exist as facts; and how the court ascertains them is wholly immaterial."

In this state the uniform practice has been to officially call the county court's attention to the existence of the jurisdictional facts by a petition. It has not been the uniform practice, however, that the petitioner be a person beneficially interested in the estate. Any person who knows the facts is a qualified person to do so.

Counsel for appellant cites *In re Estate of Glover,* 104 Neb. 151, and *In re Estate of Anderson,* 102 Neb. 170. There is nothing in these cases, however, which runs counter to our holding in the *Larson* case. We are then confronted with the question whether the doctrine as announced in the *Larson* case should be modified or overruled. The rule there announced has stood as the law of the state for over 17 years. Courts, attorneys, and parties interest-

ed have relied upon its correctness, as they had the right to do. Numerous estates have been settled under it, and titles to real estate rest upon it. To overthrow it now on jurisdictional grounds would likely result in great hardship in the disturbing of property rights. This we are not inclined to do. The mischief which may arise from a stranger invoking the power of the court for his own appointment can readily be controlled by the county court. Under the provisions of section 1339, Rev. St. 1913, heretofore quoted, certain designated classes of persons have a preferential right of administration, and as between strangers the matter of selection rests within the discretion of the court. But it may be urged that a stranger who thus invoked the jurisdiction of the court may, in case of defeat, attempt to appeal and thus delay the due administration of the estate. While this question is not now before us, and hence not decided, it would seem that a sufficient answer would be that, having no interest in the estate, the right of appeal would not lie.

From what has been said, it would seem to follow that no objections to the jurisdiction of the county court can successfully be predicated upon the mere fact that the petitioner has no beneficial interest in the estate.

Having determined that the court had jurisdiction of the subject-matter the question arises, Did the court err in failing to appoint the appellant?

Under the plain provisions of section 1339, Rev. St. 1913, Mrs. Murray, being a creditor and having filed her application for appointment as administratrix, was, as against Mr. Pollard, entitled to be named, if competent to discharge the trust. The preferential right given by the statute to the classes of persons named therein to be appointed administrators is obligatory upon the court, and it is error to appoint a stranger to the estate where some one falling within the preferential class asks to be appointed, and is competent to discharge the trust. Two things were necessary to make Mrs. Murray's right absolute. She must have been a creditor, and she must have been competent.

To her petition for appointment, John C. Pollard had filed an answer in which he specifically charged that Mrs. Murray on account of her lack of business experience was not competent to discharge the trust. Under this state of the record, it was incumbent upon Mrs. Murray to satisfy the court that she was capable of handling the estate. Upon the trial in the district court testimony was offered in behalf of Mr. Pollard tending to show that he was a man of some business experience, and that he could discharge the trust. No testimony whatever was taken with respect to Mrs. Murray. Under this state of the record, we think the trial court was amply justified in its general finding in favor of Mr. Pollard and against Mrs. Murray. Other questions have been suggested in the briefs of counsel, but we think what has been said disposes of the case.

For the reasons announced, the judgment of the district court is

AFFIRMED.