BERNARD R. STONE, APPELLEE, V. THEODORE JENSEN, APPELLANT.

FILED MARCH 23, 1929. No. 26489.

*Anson H. Bigelow,* for appellant.

*John W. Yeager* and *Bernard R. Stone, contra.*

Heard before ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and REDICK and SHEPHERD, District Judges.

GOOD, J.

This appeal requires us to determine whether section 1133, Comp. St. 1922, or section 9168, Comp. St. 1922, defines the term of the county court at which such court may, in its inherent power, vacate or modify its judgment rendered during the term. The question arises in this manner:

Plaintiff began a civil action in the county court against several defendants, to recover a sum in excess of the jurisdiction of a justice of the peace. The cause was heard, and on the 2d of December, 1927, and during the November term, judgment was rendered in favor of plaintiff and against Jensen and two others for the sum of $413.89. The next term of court, as fixed by section 1133, Comp. St. 1922, began on December 5, 1927. On December 8, 1927, without the filing of any motion, petition or appli-

cation by any party to the action, the county court, apparently on its own motion and without notice to any of the parties, entered an order setting aside the judgment theretofore rendered, and then entered a new judgment against Jensen and one other defendant for the same amount as the original judgment. On December 14, 1927, Jensen filed an appeal bond and attempted to appeal to the district court. In the latter court the plaintiff filed a motion to dismiss the appeal, on the grounds that the county court was without jurisdiction to enter the order of December 8, setting aside the judgment previously entered on December 2, because the term of court at which the judgment was rendered ended on December 4, and a new term began December 5; that the judgment attempted to be rendered on December 8 was void; and that the appeal bond was not filed within ten days from the entry of the original judgment and, therefore, the attempt to perfect the appeal was of no force and effect. The district court sustained the motion and dismissed the appeal. From that judgment defendant Jensen prosecutes an appeal to this court.

Defendant contends that the county court has inherent power to vacate its judgment, rendered in term cases, at any time during the term at which such judgment was, rendered, and contends that the term of the court for such purpose is defined by section 9168, Comp. St. 1922.

Chapter 19 of the Civil Code comprises sections 9160 to 9168, inclusive, Comp. St. 1922, and is devoted to the power of courts to vacate or modify its own judgments or orders after the term at which they were made. Section 9160, Comp. St. 1922, provides nine grounds for vacating a judgment after the term at which it was rendered: First, by granting a new trial of the case within the time and manner prescribed in section 8828, Comp. St. 1922; second, by a new trial granted in proceedings against defendant constructively summoned, as provided by section 8583; third, for mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order; fourth, for fraud prac-

ticed by the successful party in obtaining the judgment or order; fifth, for erroneous proceedings against an infant or person of unsound mind, where the condition of such defendant does not appear in the record nor the error in the proceedings; sixth, for the death of one of the parties before judgment in the action; seventh, for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; eighth, for errors in a judgment shown by an infant in 12 months after arriving at full age, as prescribed in section 8951; ninth, for taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place for taking such judgment.

Sections 9161 to 9166, inclusive, Comp. St. 1922, provide the method of exercise of the powers granted, and section 9167 fixes the time within which such proceedings must be commenced. Section 9168 is as follows: "The provisions of this chapter shall apply to the supreme court and county court, so far as the same may be applicable to the judgments or final orders of such courts. The parties shall be limited to the same time in which to commence proceedings; and in estimating time, the county court shall, for such purpose, be considered as holding, in each year, three terms of four months each, the first commencing on the first day of January of each year."

Defendant argues that the four-month term, mentioned in the section quoted above, fixes the term of court within which the court has inherent power to vacate or modify its own judgments, and that it is not until after the expiration of the four months that proceedings for the causes mentioned in section 9160 shall be required to be commenced. On the other hand, plaintiff contends that the term of court, as defined by section 1133, Comp. St. 1922, fixes the term of court during which the county court has inherent power to vacate or modify its own judgments. Chapter 14 (secs. 1057-1219) Comp. St. 1922, deals with courts and their powers. Article VI of that chapter, being

sections 1127 to 1172, inclusive, defines the county court, its jurisdiction and powers, and by section 1133 it is provided: "It shall be the duty of the county judge, in each county, to hold a regular term of court at his office at the county seat, commencing at 9 o'clock a. m. on the first Monday of each calendar month, for the trial of such civil actions brought before such court as are not cognizable before a justice of the peace. Such regular term shall be deemed to be open without any formal adjournment thereof until the third Monday of the same month, when all causes not then finally determined shall be continued by such court to the next regular term; but such courts shall be deemed to be always open for the filing of papers and issuance of process in civil actions, and for the purpose of taking and entering judgment by confession." In many of the sections of article VI of chapter 14 reference is made to the term of the county court, and always the reference is to the monthly term beginning on the first Monday of each calendar month.

Defendant cites, as sustaining his contention that the county court has discretion to vacate its judgments or final orders in nonjustice-court civil actions during the four-month term mentioned in section 9168, *supra*, *Volland v. Wilcox*, 17 Neb. 46, *Bradley v. Slater*, 55 Neb. 334, *Eager v. Blake*, 1 Neb. (Unof.) 852, and *State v. Duncan*, 37 Neb. 631.

In *Volland v. Wilcox, supra,* it was held: "A county court, for sufficient cause, may vacate or modify its own judgments, in term cases, during the term at which they were rendered." In that case there were set forth the several provisions of the act of March 3, 1873, concerning the organization, forms and jurisdiction of probate courts, and it clearly appears that the term to which reference was made in that opinion was the monthly term of the county court. However, there is no discussion in that case as to whether the four-month term of the county court, as provided by section 9168, Comp. St. 1922, would be applicable. In that case *Hansen v. Bergquist*, 9 Neb. 269, was cited and

followed. In the latter case the county court, on the 18th of May, modified a judgment rendered the day before. It was within the monthly term, and no question was presented as to whether the four-month term, mentioned in section 9168, was applicable.

In *Bradley v. Slater, supra,* there was a holding that a court of general jurisdiction possesses inherent power to vacate or modify its own judgments during any term at which they were rendered. In that case the reference was to a judgment of the district court.

In *Eager v. Blake, supra,* it was held: "The power of the court to modify or vacate its own judgments or orders at the term at which they were rendered is an inherent power and exists independent of any statute and can be reviewed only for an abuse of discretion." The judgment in that case was one rendered by the district court, and it was by that court vacated at the same term.

In *State v. Duncan, supra,* the rule was also announced that—"The county court, acting within its special jurisdiction, has power to vacate judgments and final orders during the term at which they were rendered."

In none of the cases cited was it held or even suggested that the four-month term, mentioned in section 9168, *supra,* was that at which a county court has inherent power to vacate or modify its judgments. We have also made an extended research into the decisions of this court and have been unable to find a single case where it has been held or intimated that section 9168 defines the term of court within which a county court may, in its inherent power, vacate or modify its judgments.

Section 1133, Comp. St. 1922, defining the terms of court as commencing on the first Monday in each calendar month, defines the term fixing the return day, the answer day, the time for pleading, for trial, and, apparently, for all purposes generally. A careful examination of section 9168, Comp. St. 1922, makes it apparent that the three terms of court, therein mentioned, are for one purpose only, and that is in estimating the time that the parties

are given in which to commence proceedings to vacate or modify a judgment *after* the term at which it was rendered. In fact, the whole of chapter 19 of the Civil Code, comprising sections 9160 to 9168, inclusive, relate to the powers of courts to vacate or modify their judgments or orders after the term at which such judgments or orders were made. Since the three terms of four months each, mentioned in section 9168, are for the single purpose above indicated, it is clear that this section cannot have the effect of extending beyond the monthly term of court, as defined by section 1133, the time within which a county court may exercise its inherent power to vacate judgments' or orders during the term at which rendered.

The action of the county court on December 8, in attempting to vacate its judgment, legally rendered on December 2, was void for want of jurisdiction. The only valid judgment against the defendant was that which was rendered on December 2, 1927. As a condition to his right to appeal, defendant was required to file his appeal bond within ten days from the rendition of that judgment. This he failed to do. The attempted appeal was abortive and the district court properly sustained the motion to dismiss it.

The judgment is

AFFIRMED.