## No. 12,869.

### ESTATE OF WOODY.
### LESLIE *v.* WOODY ET AL.
(24 P. [2d] 754)

Decided August 2, 1933.

Messrs. Sherwin & Hungerford, for plaintiff in error.

Mr. David P. Strickler, Mr. Ben S. Wendelken, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as plaintiff and defendants in error as defendants, or by name.

On plaintiff's petition he was appointed as administrator, as "next of kin." On motion of defendants, more closely related to deceased than plaintiff, said order was vacated and an order entered appointing defendant Walter A. Woody as administrator on his filing bond and taking oath. Plaintiff appealed to the district court where, on a trial de novo, defendants had judgment. To review that judgment plaintiff prosecutes this writ.

Thomas F. Woody, aged 80, died intestate September 3, 1930, leaving as his only heirs four nephews, two nieces, four grandnephews and one grandniece. Of these plaintiff was a grandnephew and defendants nephews. Plaintiff, alleging in his petition that he was "one of the next of kin," was appointed two days later, qualified and received his letters. A week later defendants filed their motion to vacate the order of appointment and to appoint defendant Walter A. Woody. That motion was heard September 13. Plaintiff's counsel appeared specially and moved to dismiss because they, not plaintiff, had been personally served with notice. In the district court they said nothing about a special appearance, made motions and objections, cross-examined witnesses, and introduced and examined others of their own.

But two questions raised by this record require notice: (1) Was the order revoking plaintiff's appointment invalid because entered without notice? (2) Was the entry of that order within the court's discretion?

 1. We need not consider the question of notice on the hearing in the county court because it is undisputed that the proceeding in the district court was de novo. If counsel there appeared generally for their client notice was waived. They did not enter their appearance specially, but rely upon such an appearance in the county court. All appearances of counsel are general unless otherwise noted. Their failure to so note in the district court, as well as their conduct there, clearly stamp their appearance as general. Moreover, their motion was of the same character as a motion to quash a summons or its service. Such a motion, if overruled, constitutes a general appearance. Rule 4 of the rules of this court.

2. Section 5222, C. L. 1921, provides that in granting administration the husband or widow, if such there be, shall be preferred. If none such, or if that right be relinquished, then the preference, for twenty days, goes to the "next of kin of an intestate, or some of them." These briefs examine extensively and ably the meaning of the phrase "next of kin" as here used, whether it refers to those most nearly related to deceased or those entitled to take under the statute of descent and distribution. Among the authorities cited are: *In Re Eggers,* 114 Cal. 464, 46 Pac. 380; *Wilkins v. Ordway,* 59 N. H. 378; *Tillman v. Davis,* 95 N. Y. 17; *In Re Pollard,* 105 Neb. 432, 181 N. W. 133; Thompson on Construction of Wills (1928 Ed.), p. 310, §176; Page on Wills (1st Ed.), §521; 2 Redfield on Wills (3d Ed.), p. *75; *Swasey v. Jaques,* 144 Mass. 135, 10 N. E. 758, 59 Am. Rep. 65; *Galloway v. Babb,* 77 N. H. 259, 90 Atl. 968; *Hammond v. Myers,* 292 Ill. 270, 126 N. E. 537.

 The authorities are conflicting and the question interesting, but we think its answer is not here controlling. Even under defendants' theory, had both petitioners applied for letters within twenty days and both petitions been pending at the same time, the appointment would have rested in the discretion of the court. Many

considerations might properly have entered into the exercise thereof. One of these, unquestionably, would have been which of the applicants was most nearly related to deceased. Had the court been mistaken as to that fact, and misled thereby have entered an order which otherwise would not have been entered, there can be no doubt of its power to correct, the truth appearing, within a proper period. Plaintiff in his petition stated that he was "one of the next of kin." Defendants in their motion denied this and alleged that they were, and that all of the heirs, save plaintiff, desired the appointment of Walter A. Woody. On the hearing of the motion to vacate the court found "that it was in error in making said order, * * * that said Joseph W. Leslie is not a next of kin of said decedent, and that said Walter A. Woody, and N. N. Woody, petitioners herein, are * * *." Whereupon the order appointing plaintiff was set aside. We think it immaterial that the finding further shows that the county judge was of the opinion that "next of kin" meant "most nearly related" and that plaintiff's appointment was therefore beyond his jurisdiction. If the order of vacation were entered for two reasons, one of which was good, it was sufficiently supported. There is much also in the record before us to show that this was an exercise of the county court's discretion and that at the time of the appointment of plaintiff it was declared by the court, and understood by counsel, that if one more nearly related to deceased, and otherwise qualified, petitioned within the statutory time, he would be appointed. Be that as it may, the order of vacation was entered ten days after the death of Thomas F. Woody and while the court had full power to decide, as between "next of kin," which should be appointed, and no abuse of that discretion is suggested.

The judgment is accordingly affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.