IN RE ESTATE OF MYRTLE SHEERER.
JULIA DONOHUE, APPELLANT, V. HARVEY E. SHEERER, APPELLEE.
289 N. W. 529

FILED JANUARY 5, 1940. No. 30690.

*Lloyd E. Chapman,* for appellant.

*Joseph J. Cariotto, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

EBERLY, J.

This is an appeal by Julia Donohue from a judgment of the district court for Lancaster county, entered in the above entitled cause on November 8, 1938, which reversed and set aside a final order of the county court entered in this case, then pending therein, on May 13, 1938. By such order of May 13, 1938, it was adjudged by the county court "that Harvey E. Sheerer be and he hereby is removed as administrator of the above estate, and that the letters of administration heretofore granted herein to the said Harvey E. Sheerer be and the same hereby are revoked and annulled." The judgment of the district court, in effect, fully restored to Sheerer his rights as administrator duly appointed of the estate of Myrtle Sheerer, deceased.

The facts out of which this litigation developed include the following, viz.: Myrtle Sheerer, also known as Myrtle Dodd, for many years at and prior to her death, was an inhabitant and resident of Lincoln, Nebraska. She died in Lincoln, Nebraska, on February 5, 1937, and at the time of her death was the owner of $1,450 in cash and deposits in financial institutions, all located in Lincoln, Nebraska, and also an insurance policy of $1,000. In addition, she owned certain Iowa lands which had been purchased by her, the fee simple title of which was vested in deceased as "Myrtle Dodd Sheerer" by the terms of the deed of conveyance which she in her lifetime had accepted and received; also, her undivided interest in 76 acres of land in Iowa inherited from her deceased father's and mother's undivided estate, and the decree of distribution therein vested in her by the name of Myrtle Dodd Sheerer, which appears to have been done at her direction.

From appellant's petition filed in the county court and the proceedings thereon, upon which the action to remove Sheerer as adminstrator is based, we gather that on or about

February 8, 1937, Harvey E. Sheerer filed a petition in the county court of Lancaster county stating that he was the widower of Myrtle Dodd Sheerer (who had departed this life on February 5, 1937, a resident of Lincoln, Nebraska, owning personal property therein), and designating her as Myrtle Sheerer, and praying that letters of administration be granted to him upon the property of said deceased. The sufficiency of this petition so far as shown upon its face is unchallenged by appellant (see *Larson v. Union P. R. Co.,* 70 Neb. 261, 97 N. W. 313), and neither is the sufficiency of the notice of the pendency of this petition for appointment of an administrator in any manner questioned herein. In addition, a letter from the attorney at Lincoln, Nebraska, employed to settle up this estate, which was dated February 15, 1937, properly addressed to appellant at Stanton, Iowa, and put in the mail at Lincoln, Nebraska, on February 15, 1937, at 12 p. m., and received by her in due course of the mails, was produced by her and introduced in evidence at the trial in the district court. The first paragraph of this letter reads as follows, viz.:

"Dear Mrs. Donohue: You will want to know that the hearing on the petition for the appointment of an administrator in the matter of your sister's estate has been set by the county judge for March 8, 1937, at 9 o'clock a. m. It will not be necessary for you folks to come to Lincoln to attend this hearing, unless you want to. The court will grant letters of administration to Mr. Sheerer, upon which he will file his oath and his bond as administrator. This being done he will have the authority to collect and assemble the assets. An inventory can be filed at once. I'll send you copies of all court findings. No doubt you have the copy of the petition filed last week. I handed one to Mr. Donohue."
"Mr. Donohue" referred to in this letter, the record indicates, was her then husband.

On the 8th day of March, 1937, it appears, the county court of Lancaster county, at a hearing duly had pursuant to proper notice, granted the prayer of Sheerer's petition, and issued letters to him and he thereupon duly qualified, as

provided by law, and entered on the duties imposed by the appointment. On March 10, 1938, appellant, Julia Donohue, filed in this cause in the county court of Lancaster county her petition to remove the administrator and revoke letters of administration issued to Harvey E. Sheerer. The sole ground for such removal, set forth in said petition, is based upon a statement alleged to have been contained in Sheerer's original petition for appointment as administrator of the estate of Myrtle Sheerer, deceased, that "he was the widower of the said Myrtle Dodd (therein designated as Myrtle Sheerer)." As to this statement, appellant alleges that it is "wholly false and untrue," "and the said Harvey E. Sheerer is but an interloper and pretender; that no marriage was ever solemnized between the said Harvey E. Sheerer and the deceased by any person authorized by law to solemnize marriages, and no license has ever been obtained for such a marriage." Appellant, in effect, in this pleading alleges that this act constitutes a fraud, and because thereof the county court was without jurisdiction to grant such letters of administration; that the letters granted were procured by fraudulent representations and are wholly null and void.

To this petition Harvey E. Sheerer filed his answer consisting of, (1) a general denial, (2) affirmative allegations that a valid marital relation existed between himself and the deceased at the time of her death.

It will be noted that maladministration by Sheerer as administrator is not alleged by appellant.

On hearing in the county court of Lancaster county on May 13, 1938, that court determined, viz.:

"1. That there never was any marriage of the said Harvey E. Sheerer to the deceased.

"2. That the letters of administration heretofore issued to the said Harvey E. Sheerer herein on or about March 9, 1937, are wholly null and void and should be revoked and annulled.

"3. That the deceased was an unmarried woman, and that the names, ages, and residences of the sole and only heirs at law of said deceased are as follows:

| Name | Age | Residence | Related to Deceased |
|---|---|---|---|
| Julia Donohue | 49 | Stanton, Iowa | Sister |
| Frank Dodd | 52 | Red Oak, Iowa | Brother |
| Ernest Dodd | 42 | Unknown at the present time | Brother." |

And the county court adjudged "that Harvey E. Sheerer be and he hereby is removed as administrator of the above estate, and that the letters of administration heretofore granted herein" be "revoked and annulled." On appeal by Sheerer from this order, and on trial *de novo* in the district court, that court reversed and set aside this judgment of the county court, and adjudged that Harvey E. Sheerer was entitled to remain and continue as administrator of the said estate.

The real question which was presented to the county court at the time of the entry of its order of May 13, 1938, is not who succeeded to or inherited the property of the deceased, but who, under the conditions existing at the date of making that order, was entitled to administer or continue to administer the same. No matter what may be the ultimate determination of the disputed marital relation, the appointment as originally made and the administration proceedings following are not "void." We really have here presented only a question of who is entitled to the fees and commission.

The deceased was a resident of Lancaster county at and prior to the date of her death. Her personal property was located here. A petition in due form was properly filed; statutory notice was given; and actual knowledge of the proceedings was fully and fairly communicated to the complaining party long prior to the consideration of the petition and the making of the appointment of the administrator prayed for therein. Our county court is a court of record. Its orders, decrees and judgments can be known by their record alone, which necessarily imports absolute verity and can neither be questioned nor falsified; from which it

follows that the county court is bound by the decree it renders, and can neither change nor disregard its orders and judgments after the term at which they were rendered, except strictly in the manner provided by statute and the law of the land. 1 Woerner, American Law of Administration (3d ed.) 493, sec. 146, note 3.

The general principles which seem to be controlling in questions of jurisdiction, as well as reasons sustaining the same, are well epitomized in the following:

"Jurisdiction is obtained over the estates of decedents, wards, bankrupts and insolvents, by the filing of a petition containing certain allegations, with a prayer, express or implied, for the appointment of an officer to take charge of the estate. This officer is variously called an administrator, executor, curator, guardian, tutor, assignee, trustee, commissioner or receiver. The duties of all being the same —namely, to settle and distribute the estate under the orders of the court—the principle governing the validity of their appointment, when collaterally assailed, must be the same in all. The statutes generally prescribe the order of appointment among the relatives or creditors; but, on principle, a deviation from such order will not make the order appointing void, for two reasons—namely, First: The subject-matter involved is the rights of the various persons in the estate. At present, we assume those persons to be in court, and the *power to declare and fix their rights* constitutes the jurisdiction over the subject-matter. The appointment of persons to carry out the orders and directions of the court in the process of settling those rights, is simply a part of the procedure necessary to conduct the proceedings to a final conclusion in an orderly manner, *where the jurisdiction is unquestionable.* Second: Whether A, B, or C, is thus appointed to assist the court, in no manner affects the merits of the cause, and courts should hesitate long before holding their proceedings void, to the detriment of innocent persons, on account of non-meritorious matters. These officers are merely agents or servants of the court, like the clerk and sheriff, appointed to carry out

and enforce its orders. They have no actual interest in the matter. By being appointed or recognized by the court, they become officers *de facto,* with the power of the state at their command, the same as the clerk or sheriff, and, on principle, no error in their appointment or removal can make the subsequent action of the court void." Van Fleet, Collateral Attack on Judicial Proceedings, 615.

In line with the principles thus stated, it has been held that the appointment of an administrator on insufficient or illegal evidence is not void. *Brubaker v. Jones,* 23 Kan. 411; *Stackhouse v. Zuntz,* 36 La. Ann. 529; *Brown v. Landon,* 30 Hun, 57, affirmed in 98 N. Y. 634.

Also, it has been held that the appointment of the wrong person, such as a nonresident, or a stranger before the widow had renounced her right, or an alien, as administrator, is not void, and his official acts prior to removal remain binding thereafter. *Brubaker v. Jones,* 23 Kan. 411; *Emery v. Hildreth,* 2 Gray (Mass.) 228; *Pick v. Strong,* 26 Minn. 303, 3 N. W. 697; *Garrison v. Cox,* 95 N. Car. 353; *Ramp v. McDaniel,* 12 Or. 108, 6 Pac. 456; *Semine v. Semine,* 2 Lev. (Eng.) 90; *Wilson v. Packman,* 1 Cro. Eliz. Part 1, 459 (38 Eliz.) ; *Hobson v. Ewan,* 62 Ill. 146; *Martin v. Tally,* 72 Ala. 23; *Maybin v. Knighton,* 67 Ga. 103; *Lyle v. Siler,* 103 N. Car. 261, 9 S. E. 491; *Berney v. Drexel,* 12 Fed. 393.

So, where the statute provided that letters of administration should issue to the widow, or to a person she might select, the appointment of such person chosen by the alleged widow was not void because she had another husband living and was not the lawful widow. *Francisco v. Chicago, M. & St. P. Ry. Co.,* 35 Fed. 647.

The approved practice on this subject in this state appears to be in harmony with the principles above enunciated. As to preferential right of appointment as administrator our statute prescribes: "First: The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust. Second: If the widow, or next of kin, or the persons selected

by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty (30) days after the death of the intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it. Third: If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper." Comp. St. 1929, sec. 30-314.

It will be noted that the "30-day preference" is *eo nomine* accorded to the widow only, but she shares this right with the "next of kin." The widower has no preference as to appointment of administrator of his wife's estate unless embraced in the statutory phrase "next of kin." The primary meaning of the term the "next of kin" of a decedent is the persons nearest in degree of blood surviving him. Query: Does the term "next of kin" of a deceased wife, as employed in this statute, embrace or include her husband, and if the husband is not of the "next of kin," what materiality may be attributed to the allegation in Sheerer's original petition for appointment on which appellant predicates her right of relief in the instant case?

Waiving the question suggested, as a résumé of the facts here involved, we note that the deceased departed this life on the 5th day of February, 1937; that Sheerer was appointed administrator by an order entered by the county court of Lancaster county on the 8th day of March, 1937, more than thirty days after the death of the deceased; and thereafter no objection was made thereto by appellant or the next of kin, or any creditors of deceased, and no person selected by appellant or any other person interested in said estate was presented for appointment as administrator thereof to the probate court of Lancaster county until on March 10, 1938, thirteen months and five days after the death of deceased, and more than a year after the appointment and qualification of Sheerer as such administrator.

We are committed to the view that after the thirty days

have elapsed, following the death of the deceased, no right of preference exists in favor of the widow or next of kin of the deceased, or the persons designated by them for appointment of administrator of the estate of such deceased. *Atkinson v. Hasty*, 21 Neb. 663, 33 N. W. 206; *Spencer v. Wolfe*, 49 Neb. 8, 67 N. W. 858.

The opinion of this court in *In re Estate of Pollard*, 105 Neb. 432, 181 N. W. 133, is illuminative. Lester S. Pollard died November 14, 1918, leaving surviving him as his only heirs two minor children, aged, respectively, 8 and 6 years. His wife had died a few days previous. On November 27, 1918, John C. Pollard, neither of the next of kin nor an heir of deceased, filed a petition in usual form praying for his own appointment as administrator. The county court gave notice of the pendency of the petition, and fixed December 23, 1918, as a day for hearing. On December 20, 1918, Amanda Forsythe Murray, the maternal grandmother of the minor children, filed objections to the petition and to the appointment of John C. Pollard, which included a challenge to the jurisdiction of the county court to appoint an administrator on the petition of John C. Pollard, for the reason that he was neither the next of kin or a creditor, and also that his petition was filed within thirty days next following the death of the deceased. These questions were finally presented to this court on appeal. We held the filing of the petition for appointment of administrator by Pollard within thirty days next following the death of the deceased, proper, and determined that, "In such case, no objection to the jurisdiction of the court to appoint an administrator can be predicated upon the fact that the petitioner has no beneficial interest in the estate." This court, under the facts in that case, denied Mrs. Murray relief, and sustained the appointment.

In view of the authorities cited and discussed, it follows that the county court of Lancaster county had actual and ample jurisdiction to enter its order of March 8, 1937, appointing Harvey E. Sheerer as administrator of the estate of Myrtle Sheerer, deceased. Such appointment was not

void. Indeed, at least after the conclusion of the term of the county court ending April 30, 1937 (Comp. St. 1929, sec. 20-2009), its order or judgment so entered was binding upon itself as well as against all the world. *Stone v. Jensen,* 118 Neb. 254, 224 N. W. 284.

True, in Nebraska, by statute (Comp. St. 1929, secs. 20-2001, 20-2009), and by virtue of inherent powers possessed independent of statute, upon proceedings being properly instituted therein, county courts possess power to vacate such proceedings when procured by fraud. This necessarily involves an affirmative proceeding equitable in its nature, with accompanying pleadings, supported by proper proofs, sustained by competent evidence, which clearly establish the material fraud charged. *In re Estate of Kelly,* 103 Neb. 524, 175 N. W. 653.

In these proceedings, the following principles are applicable and controlling, viz.:

"Fraud is never presumed but must be clearly proved by the parties pleading it and relying upon it." *Fritsche v. Turner,* 133 Neb. 633, 276 N. W. 403. See *Saffer v. Saffer,* 133 Neb. 528, 274 N. W. 479; *Hampton v. Webster,* 56 Neb. 628, 77 N. W. 50; *Kernan v. Modern Woodmen of America,* 120 Neb. 333, 232 N. W. 590.

In a fraud action, the burden of alleging and proving the existence of the elements thereof is upon the party seeking relief from fraud. *Leichner v. First Trust Co.,* 133 Neb. 170, 274 N. W. 475.

The record in the instant case discloses that the sole allegation contained in appellant's petition for the removal of Sheerer as administrator, which charges him with fraud, is the inclusion by him in his original petition for appointment as such, of the statement "that the said Harvey E. Sheerer was the widower of said Myrtle Dodd (therein designated as Myrtle Sheerer)." This, appellant charges is "wholly false and untrue." No other fraud or fraudulent representation is charged. Does this amount to a legal fraud, a material fraudulent representation? A false representation "must relate to a matter material to the

transaction involved." 26 C. J. 1103. It admittedly constituted no essential part of the pleading in which it was incorporated, and had it been omitted the omission would in no manner have affected the validity of the petition involved. Then too, the record discloses that the sole complainant in this action had been furnished a copy of this petition long prior to the hearing thereon on March 8, 1937, and had been fully advised of the impending appointment of Harvey E. Sheerer on the date last named in ample time to have presented proper objections thereto. In addition, she then had full knowledge of the alleged facts as to the marital relations existing between Sheerer and her deceased sister, upon which she seeks to sustain her present attack upon the appointment then made. She offered no objection then whatever, permitted the appointment of the administrator to be made unopposed, the administrator to qualify, and the administration of the estate to proceed in the usual course. Her first objection is voiced and first claim made on March 10, 1938. Even if it be conceded *arguendo* that her objection, if timely made, might have possessed merit, it is too late now. The entire situation, in view of the actual issues here presented, invokes the application of the equitable maxim, that "equity aids the vigilant, not those who slumber on their rights." By the application of this maxim to the solution of controversies, courts have protected one who by superior diligence has obtained a legal advantage, or by denying relief to one whose danger was created by his own neglect. 21 C. J. 193.

In addition, a careful examination and consideration of the competent evidence of the entire record, especially in view of the acts and business transactions of the deceased, which were evidenced by writings executed in her lifetime, inevitably lead to the conclusion that the allegations set forth in the petition of Harvey E. Sheerer as to the marital relations existing between himself and the deceased, Myrtle Sheerer, at and prior to her death, were made honestly and in good faith, and thus believed by him to be true. We are committed to the view that fraud will not be imputed where

circumstances and facts upon which it is based may be consistent with honesty of purpose. *Clemens v. Brillhart,* 17 Neb. 335, 22 N. W. 779.

It follows that the original jurisdiction to make the appointment of March 8, 1937, is unassailable; that on the charge of the alleged fraud the complainant, Julia Donohue, has wholly failed to sustain the burden of proof. The county court erred in the entry of its order of May 13, 1938, removing Harvey E. Sheerer as administrator and canceling his letters of administration and appointing his successor. This order of May 13, 1938, is hereby reversed, set aside, canceled and annulled, and Harvey E. Sheerer will be fully reinstated in his office as administrator and continue the administration of said estate in due course of law.

The judgment of the district court, in so far as consistent with the findings and judgment here entered, is approved. The action is thereupon remanded, with directions to the district and the county courts for further proceedings in harmony with the determination here made. Costs of the appeal are to be taxed to appellant.

AFFIRMED.